**STATE of Iowa, Appellee,**

v.

**Alva Anthony HEISDORFFER, Appellant.**

**No. 53100.**

Supreme Court of Iowa.

Jan. 14, 1969.

Gene W. Glenn, Ottumwa, for appellant.

Richard C. Turner, Atty. Gen., James R. Martin, Asst. Atty. Gen., and Phillip R. Collett, Asst. County Atty., for appellant.

STUART, Justice.

Defendant was indicted, tried and convicted of crime of operating a motor vehicle while intoxicated, fourth offense, in violation of section 321.281, Code of Iowa. Defendant was committed to the state hospital at Mount Pleasant for treatment and upon discharge to be returned for further sentencing.

On November 22, 1967, defendant's car was observed by Iowa Highway Patrolman Lockwood about 11:00 p.m. in Ottumwa, Iowa being operated in an erratic manner. He stopped defendant as he was backing his car away from a highway guard post after striking it. Defendant failed to produce a driver's license when asked. Patrolman Lockwood, confronted with alcoholic

breath, asked defendant to get out of the car and attempt road side sobriety tests which he was unable to complete successfully. He placed defendant under arrest and apprised him of his constitutional rights under Miranda v. Arizona, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A. L.R.3d 974. Patrolman Lockwood confiscated an unopened six-pack of beer and part of a pint of whiskey in a sack found in the front seat of defendant's car. Defendant appeared dirty and unshaven. His eyes were watery, bloodshot, and the pupils were dilated.

Heisdorffer was taken to the Ottumwa police station where he again received the Miranda warnings, following which, he requested attorney Elmer Bekman be called. Officer Lucas called Bekman and was told by Bekman to proceed with the tests and he would see defendant in the morning. When told of his response, defendant demanded again to talk with Bekman whereupon, patrolman Lockwood placed a second call to Bekman and was also told Bekman would not come to the police station until morning. Defendant asked another lawyer be called for him. No other attorneys were called for Heisdorffer and defendant was taken to the basement of the police station for tests and interrogation.

Officer Lucas, who was at the police station, testified defendant did not speak lucidly and clearly and did volunteer the statement that he was "awful" or "kinda" drunk. Patrolman Lockwood testified defendant stated: "I am pretty damn drunk, you know it." This was not said in response to a question.

Defendant attempted and failed more sobriety tests. Patrolman Lockwood asked defendant if he would submit to chemical sobriety tests and defendant refused.

As none of the questions on appeal involve defendant's evidence, we need not set it out here. There was a conflict in the evidence on most points. The jury found defendant guilty. On appeal from judgment rendered on the guilty verdict, defendant assigns 16 errors, which we will attempt to consolidate.

I. Defendant asserts the trial court erred in refusing to strike the testimony of the highway patrolman concerning the sobriety tests defendant attempted at the scene before the arrest and before the warnings specified in Miranda v. Arizona, supra, were given.

■ We hold the trial court did not err for two reasons. First, the situation was not one which called for the Miranda warnings. "General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding." Miranda v. Arizona, 384 U.S. 436, 477–478, 86 S.Ct. 1602, 1629. We do not believe Miranda should be interpreted to prevent an investigation to determine whether defendant had committed a crime subjecting him to arrest. The erratic path of the car and the smell of alcohol on defendant's breath furnished good cause to suspect defendant might be guilty of operating a motor vehicle while intoxicated. The tests were reasonably necessary to enable the patrolman to decide whether defendant should be arrested. The situation did not present an incommunicado interrogation of a person in a police dominated atmosphere condemned by Miranda.

Second, the performance of such tests does not amount to "evidence by communication in whatever form that communication might take". State v. Sefcheck, Iowa, 157 N.W.2d 128, 135. The observation of defendant during the tests makes his actions real or physical evidence against himself, rather than testimonial evidence. Such tests are more nearly akin to the taking of blood samples, fingerprints or handwriting exemplars. Requiring defendant to furnish such evidence does not violate his privilege against self incrimination. State v. Sefcheck, supra; State v. Johnson, Iowa, 155 N.W.2d 512, 517; United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct.

1951, 18 L.Ed.2d 1178; Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed. 2d 908.

■ II. The two officers testified as to their observations of defendant when he attempted to perform certain sobriety tests at the police station after he had received the Miranda warnings and requested an attorney. Miranda makes it clear: "If the individual states that he wants an attorney, the interrogation must cease until an attorney is present." 384 U.S. at 474, 86 S.Ct. at 1628.

■ However, the second reason discussed under division I applies to this evidence. The observations of the defendant's movements constitute real evidence rather than communicative evidence and did not call for the application of the Miranda warnings. The observations are not rendered inadmissible because the requested attorney was not present.

III. Without proper objection, the two officers testified defendant admitted he was "awful drunk," "kinda drunk" or "pretty damn drunk". The highway patrolman testified without objection that defendant refused to take either a blood or urine test when requested. During the cross examination of the second witness and in the absence of the jury it was brought out that these events occurred after defendant had asked for and had not been given the opportunity to consult with attorney. Defendant moved to strike this evidence. The trial court instructed the jury: "Therefore, you are instructed that the portion of the testimony of Officers Lockwood and Lucas given thus far as to questions orally asked defendant any oral statements of defendant at the police station after defendant asked to speak to an attorney are stricken from the record of evidence, and you are to disregard the same, except the evidence in regard to the request of Officer Lockwood of the defendant for a blood or urine chemical test, and defendant's statement responding to that request. The evidence relative to the request for a chemical test remains a part of the record for your consideration."

Defendant contends he was entitled to a mistrial because the admission, even though stricken, deprived him of a fair trial. The only objection made to the testimony in question was that it called for the opinion and conclusion of the witness. No objection was made on constitutional grounds nor were any pretrial hearings held. The evidence was stricken at the first opportunity.

■ It is well settled that where testimony has been erroneously admitted during the progress of a trial and the trial court has withdrawn the testimony from consideration by the jury, error is cured except in extreme instances where it is manifest that the prejudicial effect of the evidence on the jury remained, despite its exclusion and influenced the verdict. State v. Miskell, 247 Iowa 678, 690, 73 N.W.2d 36, 43; State v. Alberts, 241 Iowa 1000, 1002, 43 N. W.2d 703, 705; 89 C.J.S. Trial § 661. See State v. Franklin, 242 Iowa 726, 738, 46 N. W.2d 710, 717. This was not such an extreme case. The trial court's instruction given immediately after the motion was sufficient to cure any error.

Under this holding we need not discuss the effect of defendant's failure to object in the first place or the state's claim the statements were made voluntarily.

■ IV. The trial court did not strike the testimony concerning defendant's refusal to take the blood test. Again the evidence was admitted without objection. Such refusal is made admissible by statute. Section 321B.11, Code of Iowa. We held the statute constitutional in State v. Holt, Iowa, 156 N.W.2d 884. If the statute is constitutional and such evidence is made admissible by statute, there was no error in failing to strike it.

■ V. Defendant claims his motion for directed verdict should have been sustained because he was not afforded the

right to see and consult with an attorney at the place of custody in violation of section 755.17, Code of Iowa. Without attempting to determine how far the state must go in attempting to secure an attorney for defendant in order to satisfy the requirements of the statute, we hold that two telephone calls to the same attorney who refuses to come is not sufficient. However, this does not mean defendant was entitled to a directed verdict.

The statute provides that its violation is a misdemeanor. The individual's rights are protected under the Fifth Amendment as interpreted by Miranda. We do not believe the statute extends defendant's rights to exclude the evidence beyond the constitutional requirements.

We have not found sufficient grounds for a reversal. Therefore, the trial court is affirmed.

Affirmed.

GARFIELD, C. J., and LARSON, SNELL, MOORE and LeGRAND, JJ., concur.

MASON, RAWLINGS, and BECKER, JJ., dissent.