STATE of Iowa, Plaintiff,

v.

Hon. Harold D. VIETOR, Defendant.

No. 59685.

Supreme Court of Iowa.

Jan. 18, 1978.

Richard C. Turner, Atty. Gen., Stephen P. Dundis, Asst. Atty. Gen., for plaintiff.

Milroy & Eckhart, Vinton, for defendant.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

LeGRAND, Justice.

The question presented in this case is whether the defendant judge correctly sustained a motion to suppress evidence of Melvin E. Irvin's refusal to submit to a chemical test following his arrest on a charge of operating a motor vehicle while under the influence of an alcoholic beverage. We annul the writ.

I. Irvin was arrested by an Iowa Highway Patrolman. He was promptly advised of his constitutional rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The officer then re-

quested that Irvin take a blood or other chemical test, submitting for his signature an implied consent form prepared to conform to § 321B.3, The Code. He read to Irvin the following from that form:

"Refusal to submit to the withdrawal of a body specimen for chemical tests to determine the alcoholic content will result in revocation of your driver's license or privilege to operate a motor vehicle for not less than 120 days nor more than 1 year. *In addition, you are not entitled to consult an attorney prior to consenting or refusing to the withdrawal of a body specimen.*" (Emphasis added.)

Irvin refused to submit to a chemical test. Later he was charged with operating a motor vehicle while under the influence of an alcoholic beverage (§ 321.281, The Code). On Irvin's motion, the defendant judge ruled evidence of his refusal to submit to a chemical test was inadmissible at trial on federal constitutional grounds as violative of his right to counsel under the sixth amendment. The state received permission to test this ruling by certiorari. The real issue concerns the effect of the emphasized portion of the caveat included as part of the above implied consent form.

We do not agree Irvin is entitled to relief on constitutional grounds. The legislature has made a refusal to submit to chemical tests admissible in both civil and criminal cases. See § 321B.11. We have upheld the constitutionality of this statute and have approved the admissibility of such refusal in criminal trials. *State v. Young*, 232 N.W.2d 535, 538 (Iowa 1975); *State v. Tiernan*, 206 N.W.2d 898, 899 (Iowa 1973); *State v. Heisdorffer*, 164 N.W.2d 173, 176 (Iowa 1969); *State v. Holt*, 261 Iowa 1089, 1098, 156 N.W.2d 884, 889 (1968).

■ Under the foregoing cases, evidence of Irvin's refusal to allow a blood or other chemical test was admissible without violating his constitutional rights. The trial court was wrong in ruling otherwise.

II. However, Irvin's case does not rest alone on constitutional grounds. He also claims he was denied the right to counsel in violation of § 755.17, The Code. There is

some doubt if this issue is properly before us, but we nevertheless consider it to settle a recurring problem facing both courts and peace officers.

The statute (§ 755.17) provides as follows: "Any peace officer or other person having custody of any person arrested or restrained of his liberty for any reason whatever, shall, before preliminary hearing and arraignment, except in cases of imminent danger of escape, permit that person, without unnecessary delay after arrival at the place of detention, to call, consult, and see a member of his or her family or an attorney of his or her choice. * * * If the person arrested or restrained is intoxicated, or a person under 18 years of age, the call shall be made by the person having custody. An attorney shall be permitted to see and consult with the person arrested or restrained alone and in private at the jail or other place of custody. * * * A violation of this section shall constitute a misdemeanor."

We have never squarely faced the question concerning the effect of this statute when one has been asked to submit to a chemical test under Chapter 321B, although it has been adverted to in several previous decisions. *See State v. Heisdorffer*, 164 N.W.2d at 176; *see also* special concurring opinion in *Hoffman v. Iowa Dept. of Transportation*, 257 N.W.2d 22, 26 (Iowa 1977). Generally on the effect of § 755.17 *see State v. Tornquist*, 254 Iowa 1135, 1149, 120 N.W.2d 483, 492 (1963) and *State v. Cameron*, 254 Iowa 505, 509, 117 N.W.2d 816, 819 (1962).

■ Peace officers find themselves in an anomalous position when attempting to implement the provisions of the implied consent law after making an OMVUI arrest. The license revocation which follows a refusal to submit to chemical testing is an administrative proceeding, to which, as already pointed out, the *Miranda* protections do not apply. *See Swenumson v. Iowa Dept. of Public Safety*, 210 N.W.2d 660, 662 (Iowa 1973). But when a chemical test is requested, the peace officer—and most of-

ten the arrestee as well—knows the results will be vital evidence in a later criminal trial.

This leads to the strange circumstances facing us here. Upon Irvin's arrest, the officer advised him of his constitutional rights under *Miranda*. One of these is the right to counsel. Yet almost immediately the officer read to Irvin a statement from the implied consent form that he was *not* entitled to counsel.

It is hard enough for us to reconcile these seemingly contradictory statements. It must be impossible to do so for one facing the necessity of making an immediate decision which later may be used to convict him of a crime. The fact the implied consent form was probably prepared in response to our suggestion in *Swenumson* that peace officers should tell an arrestee the *Miranda* rights do not apply to implied consent proceedings compounds, rather than clarifies, the issue. However, in *Swenumson* we were dealing only with a license revocation appeal. We neither considered nor decided the related question now before us, which arises only upon trial of a criminal charge.

It is apparent we must reach some accommodation between Chapter 321B and § 755.17. Other courts have faced this same dilemma. *See Prideaux v. State Dept. of Public Safety*, 247 N.W.2d 385, 388 (Minn.1976); *Gooch v. Spradling*, 523 S.W.2d 861, 866 (Mo.App.1975); *Siegwald v. Curry*, 40 Ohio App.2d 313, 319 N.E.2d 381, 385 (1974); and *People v. Gursey*, 22 N.Y.2d 224, 292 N.Y.S.2d 416, 417, 239 N.E.2d 351, 352 (1968).

We agree with the rationale of these cases under statutes similar, but not identical, to ours. All of them hold there is a limited statutory right to counsel before making the important decision to take or refuse a chemical test under implied consent procedures.

As *Prideaux* and *Gursey* both point out, this right to counsel is not absolute. It must be balanced against the practical consideration that a chemical test is to be administered within two hours of the time of arrest or not at all. *See* § 321B.3.

An arrested person should not be allowed to sabotage the purpose of Chapter 321B by delay. His right to consult a lawyer must be exercised within a period which will still permit a test to be taken. If counsel is not available within that time, the right is lost. We quote from *Gursey* as follows:

"The privilege of consulting with counsel concerning the exercise of legal rights, should not, however, extend so far as to palpably impair and nullify the statutory procedure requiring drivers to choose between taking the test or losing their license. It is common knowledge that the human body dissipates alcohol rapidly and, indeed, * * * test results are admissible in evidence only if the test had been taken within two hours of the time of arrest. Where the defendant wishes only to telephone his lawyer or consult with a lawyer present in the stationhouse or immediately available there, no danger of delay is posed. But, to be sure, there can be no recognition of an absolute right to refuse the test until a lawyer reaches the scene * * *. If the lawyer is not physically present and cannot be reached promptly by telephone or otherwise, the defendant may be required to elect between taking the test and submitting to revocation of his license, without the aid of counsel."

In the present case, we agree with defendant judge that the statute did not require the officer to tell Irvin he had a right to counsel. It simply forbade telling him he did *not* have such a right. This raises several administrative problems. The first concerns what constitutes compliance with the statute. It is difficult to formulate any general rule, but the principle that the arrested person is entitled to access to counsel, as § 755.17 provides, and as qualified herein, must be honored.

We have not overlooked the fact that Irvin was allowed to make several telephone calls and that ordinarily this would satisfy § 755.17. However, the record is silent concerning whether he tried to reach a lawyer or whether the officer's

categorical statement he could not have one persuaded him not to try. Under these circumstances, we hold he was denied the opportunity to obtain counsel.

There remains the question as to what remedy should attend a violation of § 755.17. We said in *State v. Heisdorffer*, 164 N.W.2d at 176, a violation of the statute should not make the evidence thus obtained inadmissible. Both *Prideaux* and *Gursey* espouse an exclusionary rule. We believe that conclusion is the correct one, and we now hold evidence of Irvin's refusal to submit to a chemical test is not admissible at his OMVUI trial. To the extent that *State v. Heisdorffer*, 164 N.W.2d at 173, expresses a contrary view it is no longer the law of this state.

Another administrative concern arises over how the above rule should be applied. Except for the present case, it shall have only prospective effect as hereafter explained.

In summary we hold as follows:

1. When a person arrested for operating a motor vehicle while under the influence of an alcoholic beverage asks to call his lawyer, he shall be afforded a right to do so under § 755.17 before being required to elect whether he shall submit to a chemical test.

2. If he is denied that opportunity, evidence of his refusal to take chemical test shall be inadmissible at a later criminal trial.

3. His right to prior consultation with an attorney is limited to circumstances when that course will not materially interfere with the taking of a test within the time specified in § 321B.3.

4. This opinion shall be applicable to the present case, to all cases now on appeal in which proper objection under § 755.17 was made and preserved in the trial court, and to all chemical test procedures under Chapter 321B, The Code, after the date this opinion is filed.

The writ is annulled.