STATE of Iowa, Appellee,

v.

Dennis Wayne EPPERSON, Appellant.

No. 60542.

Supreme Court of Iowa.

April 19, 1978.

Christopher F. O'Donohoe of O'Donohoe, O'Connor & O'Donohoe, New Hampton, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., David Correll, County Atty. and Harry W. Zanville, Asst. County Atty., for appellee.

Considered by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction by jury and sentence for manslaughter in violation of § 690.10, The Code, 1975. The charge arose from a fatal automobile accident. The case was submitted against defendant on grounds of intoxication and recklessness. He contends the trial court erred in overruling his constitutional and statutory objections to blood test evidence, in overruling his motions for mistrial and new trial based on the State's alleged concealment of exculpatory evidence, and in overruling his objection to the sufficiency of evidence for submission of the recklessness ground. We affirm the trial court.

We summarize the evidence in its light most favorable to the verdict.

Defendant, age 19 at the time of the accident, lived in New Hampton. On Saturday, June 19, 1976, he spent much of the day driving his automobile in the company of a friend, Tom Wilhelms. During the course of the afternoon and evening they purchased two bottles of wine, two six

packs and a twelve pack of beer. Between the two of them they drank the two bottles of wine and much of the beer. Defendant testified he drank one-half bottle of wine and five and one-half cans of beer that night.

Two young women, Brenda Thompson and Teresa Bruns, rode with them for about three hours. Defendant drove erratically, crossing the centerline of the road occasionally and going onto the shoulder once or twice. At one point when he went over the centerline the women asked him to stay on the right side of the highway.

Defendant and Wilhelms dropped the girls off at their Waverly homes at approximately 1:00 a. m. Then the men drove to Cedar Falls. They subsequently left there and were headed north toward New Hampton on highway 63 at approximately 2:40 a. m. when the accident occurred. Defendant, who said the last thing he remembered was that he was tired and sleepy, drove the car across the centerline into the path of a pickup truck coming from the opposite direction. A head-on-collision occurred, and a passenger in the truck, Julia Ann Grummit, was killed in the accident.

Sergeant Carl Pedersen of the state patrol arrested defendant at a Waterloo hospital for OMVUI at 3:55 a. m. He read an implied consent form to defendant who orally consented to withdrawal of a blood specimen. The officer made a written re-

quest of Barbara Sievers, a licensed medical technologist, that she withdraw the specimen, and she did so, in the manner specified by statute. Upon analysis, defendant's blood alcohol level was .108 percent by weight.

■ I. *The blood test evidence.* In challenging the admissibility of the blood alcohol analysis defendant relies on constitutional and statutory grounds. He alleges the evidence is inadmissible under the fifth and sixth amendments of the U.S. Constitution because he was not advised of his right to counsel before the specimen was requested, and he alleges it is inadmissible under Code §§ 321B.3–321B.5 because he was not advised of his right to an independent test and he did not consent to the test in writing.

Defendant's constitutional argument is answered by our recent opinion in *State v. Vietor,* 261 N.W.2d 828 (Iowa 1978), in which we held evidence of a defendant's refusal to submit to chemical testing was not inadmissible at his trial on constitutional grounds even though he had been denied counsel during the implied consent proceeding.[1]

■ Because the implied consent procedure does not constitute interrogation, it need not be preceded by the *Miranda* warning. *Swenumson v. Iowa Department of Public Safety,* 210 N.W.2d 660, 663 (Iowa

---

1. Other jurisdictions have also held the fifth and sixth amendments of the U.S. Constitution does not establish a right to counsel in an implied consent proceeding. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) (sixth amendment-dicta); *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) (fifth amendment); *Campbell v. Superior Court,* 106 Ariz. 542, 479 P.2d 685 (1971); *Westmoreland v. Chapman,* 268 Cal.App.2d 1, 74 Cal.Rptr. 363 (1968); *Calvert v. State,* 184 Colo. 214, 519 P.2d 341 (1974); *Cogdill v. Department of Public Safety,* 135 Ga.App. 339, 217 S.E.2d 502 (1975); *State v. Severino,* 56 Haw. 378, 537 P.2d 1187 (1975); *Mills v. Bridges,* 93 Idaho 679, 471 P.2d 66 (1970); *People v. Mulack,* 40 Ill.2d 429, 240 N.E.2d 633 (1968); *Newman v. Hacker,* 530 S.W.2d 376 (Ky.1975); *Harrison v. State, Dept. of Pub. Safety, Driv. Lic. Div.,* 298 So.2d 312 (La.App.1974); *State v. Palmer,* 291 Minn. 302,

191 N.W.2d 188 (1971) (But see *Prideaux v. State Dept. of Public Safety,* 247 N.W.2d 385 (Minn.1976)); *Spradling v. Deimeke,* 528 S.W.2d 759 (Mo.1975); *Wiseman v. Sullivan,* 190 Neb. 724, 211 N.W.2d 906 (1973); *Harlan v. State,* 113 N.H. 194, 308 A.2d 856 (1973); *State v. Pandoli,* 109 N.J.Super. 1, 262 A.2d 41 (1970); *Story v. Hults,* 19 N.Y.2d 936, 281 N.Y. S.2d 342, 228 N.E.2d 398 (1967); *Agnew v. Hjelle,* 216 N.W.2d 291 (N.D.1974); *State v. Carson,* 512 P.2d 825 (Okl.Cr.1973); *Stratikos v. Dept. of Motor Vehicles,* 4 Or.App. 313, 477 P.2d 237 (1970); *Commonwealth v. Morris,* 218 Pa.Super. 347, 280 A.2d 658 (1971); *Blow v. Commr. of Motor Vehicles,* 83 S.D. 628, 164 N.W.2d 351 (1969); *State v. Dellveneri,* 128 Vt. 85, 258 A.2d 834 (1969); *Deaner v. Commonwealth,* 210 Va. 285, 170 S.E.2d 199 (1969). But see *Hall v. Secretary of State,* 60 Mich. App. 431, 231 N.W.2d 396 (1975).

1973). Defendant's statutory right to consult counsel under Code § 755.17, recognized in *Vietor,* is not involved here. He did not ask to call a lawyer, nor did he rely on § 755.17 in objecting at trial to admissibility of the blood test evidence.

Regarding defendant's statutory claims, he had a right to have an independent chemical test. § 321B.4. However, neither the statute nor our cases require that the officer advise him of that right. *Morgan v. Iowa Department of Public Safety,* 227 N.W.2d 155, 157 (Iowa 1975).

Similarly, no statutory basis exists for defendant's assertion the evidence is inadmissible because his consent to the test was not written. His written consent was not obtained because his injuries from the accident disabled him. Sergeant Pedersen and two other persons witnessed his oral consent. The statute does not require consent to the test to be written. Therefore the fact defendant's consent was oral did not make the results inadmissible.

We find no merit in any of defendant's allegations of inadmissibility.

II. *Exculpatory evidence.* Defendant sought a mistrial and new trial because of the State's alleged concealment of exculpatory evidence. Witnesses Bruns and Thompson, the two young women who spent several hours with defendant and Wilhelms before the accident, gave two sets of statements to the police. In their first statements they asserted they saw no one drinking in defendant's car the whole time they were in it. In their later statements they said defendant and his companion were drinking during that time.

Defendant took their depositions before trial. In their depositions and in their testimony at trial, the women testified substantially in accordance with their second statements.

Defense counsel examined the county attorney's file, with the prosecutor's consent, on a date after the first statements had been given, but for reasons the record does not disclose the statements were not in the file. Several months before trial the prose-

cutor told defense counsel the women had given statements. However, when defense counsel asked to inspect the file again permission was denied on the ground the file then contained material constituting the prosecutor's work product. No motion to require production of the statements was made. Approximately four months elapsed between the time defense counsel were refused access to the prosecutor's file and the commencement of trial.

At the conclusion of testimony in chief by Bruns in the trial, the State furnished copies of both her statements to defense counsel, who used her alleged exculpatory statement in cross-examination. Thompson's statements were given to defense counsel after her direct testimony, but she was not questioned about them.

Because the statements were furnished to defense counsel for use during trial, this is not a case in which the State suppressed exculpatory evidence by failing to produce it at all. If suppression occurred here, it happened through the prosecutor's failure to produce the statements as soon as defendant contends he should have.

The statements were produced at the time our cases have said due process demands they be produced. *State v. Aossey,* 201 N.W.2d 731 (Iowa), cert. denied, 412 U.S. 906, 93 S.Ct. 2292, 36 L.Ed.2d 971 (1973); *State v. Eads,* 166 N.W.2d 766 (Iowa 1969). Therefore we do not have a problem involving alleged suppression of materially exculpatory evidence within the meaning of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). See *State v. Hall,* 249 N.W.2d 843, 846 (Iowa), cert. denied, —— U.S. ——, 98 S.Ct. 66, 54 L.Ed.2d 79 (1977).

The problem actually presented is one of an asserted infringement of due process based on alleged prosecutor misconduct in failing to produce the statements earlier despite original representations that the State's file was open to defense inspection. The State disputes the claim of misconduct,

and we are unable to find the prosecutor was guilty of misconduct under the record. It seems more likely the difficulty arose from a misunderstanding than misconduct.

In any event, if defendant desired the statements before trial, we think for due process purposes it was incumbent on him after the prosecutor refused access to his file to seek an order from the trial court for their production. He had ample opportunity to do so, and the trial court had discretion to grant such relief. *State v. Fryer,* 226 N.W.2d 36, 40 (Iowa 1975); *State v. Eads,* supra, at 774. Cf. rule 13(2)(b)(1), Rules of Criminal Procedure.

Here defendant received what due process requires. He did not produce a record from which we can find prosecutor misconduct, and he did not invoke the power of the trial court to obtain the relief he now claims he should have had. We have no basis to reverse on this assignment.

III. *Evidence of recklessness.* In contending the evidence was insufficient to support submission of the case on the recklessness ground, defendant maintains the record shows possible negligence but not wanton and willful conduct. Under the State's evidence the jury could find defendant was driving under the influence of alcohol, was driving erratically, had been warned of his erratic driving, nevertheless continued to drink and to drive, and finally lost control of his faculties to the extent he drove the car across the centerline into collision with the pickup truck. Under the defendant's version of events he was sober but tired and merely fell asleep through momentary inadvertence. However, the jury was entitled to believe the State's evidence.

Evidence of intoxication is probative on the issue of willful and wanton misconduct of a defendant in violating an ordinary rule of the road. *State v. Boner,* 203 N.W.2d 198, 201 (Iowa 1972); *State v. Davis,* 196 N.W.2d 885, 891 (Iowa 1972); *State v. Graff,* 228 Iowa 159, 174, 290 N.W. 97, 103–104 (1940); *State v. Salmer,* 181 Iowa 280, 283, 164 N.W. 620, 621 (1917). See also *State v. Kernes,* 262 N.W.2d 602 (Iowa 1978). The case relied on by defendant, *State v. Means,* 211 N.W.2d 283 (Iowa 1973), is factually distinguishable. Ample evidence existed here from which the jury could find defendant's rule-of-the-road violation resulted from reckless indifference to the safety and property of others because of his driving while under the influence of alcohol.

The trial court did not err in submitting the case on the recklessness ground.

AFFIRMED.