STATE of Iowa, Appellee,

v.

Michael James REMAKEL, Appellant.

No. 62075.

Supreme Court of Iowa.

July 25, 1979.

Frank D. Gilloon, III, of Klauer, Stapleton, Ernst, Gilloon & McCauley, Dubuque, for appellant.

Thomas J. Miller, Atty. Gen., Thomas A. Evans, Jr., Asst. Atty. Gen., and Robert J. Curnan, Dubuque County Atty., for appellee.

Considered by LeGRAND, P. J., and REES, HARRIS, ALLBEE and McGIVERIN, JJ.

McGIVERIN, Justice.

The question presented in this case is whether our decision in *State v. Vietor*, 261 N.W.2d 828 (Iowa 1978), should be applied to a case which was tried, but not yet on appeal, when our opinion was filed. In *Vietor* we held that a person arrested for operating a motor vehicle while under the influence of an alcoholic beverage (OMVUI) has a statutory right to consult an attorney before being required to elect whether he shall submit to a chemical test. *Id.* at 831. Trial court refused to apply *Vietor* and grant a motion for new trial. On appeal the Court of Appeals affirmed in a three to two decision. We vacate the Court of Appeals decision and reverse the trial court.

Defendant Michael James Remakel was arrested for OMVUI on October 21, 1977 and consented to a chemical breath test. The implied consent form used by the arresting officer was of the type expressly disapproved by us in *Vietor*. The form advised Remakel he was not entitled to consult an attorney prior to consenting or refusing to the withdrawal of a body specimen.

An information was filed charging Remakel with OMVUI in violation of section 321.281, The Code 1977. The minutes of evidence stated that the prosecution intended to introduce proof at trial of the chemical breath test showing defendant had a blood alcohol content of 190 milligrams per cent by weight on the date of his arrest.

Remakel filed a motion to suppress that evidence. He asserted a violation of section

755.17, The Code,[1] due to the arresting officers' affirmative statement to him that he did not have a right to consult with counsel concerning submission to the chemical breath test.

On January 10, 1978 hearing was held. The parties stipulated to the facts stated in the suppression motion. The motion to suppress was overruled and trial ensued.

Defendant was found guilty by a jury on January 11, 1978.

On January 18, 1978, seven days after Remakel's guilty verdict, this court issued its decision in State v. Vietor wherein we held a person arrested for operation of a motor vehicle while under the influence of an alcoholic beverage has a statutory right to consult with counsel pursuant to section 755.17 before submitting to a chemical test. The Vietor decision further stated its applicability as follows:

> This opinion shall be applicable to the present case, to all cases now on appeal in which proper objection under section 755.17 was made and preserved in the trial court, and to all chemical test procedures under Chapter 321B, The Code, after the date this opinion is filed.

261 N.W.2d at 831–32.

On January 26, 1978 Remakel filed a motion for new trial reasserting the grounds presented in the motion to suppress.

Subsequently, on March 31 Remakel filed another motion in which the Vietor decision was specifically cited to trial court.

On April 4 trial court entered an order overruling Remakel's post-trial motions. After evaluation of the Vietor decision, trial court noted the specific language restricting application to cases "now on appeal" and said:

The defendant argues that "now on appeal" doesn't mean having perfected an appeal, it means simply having preserved the error and being ready to appeal. We are not persuaded.

If the Iowa Supreme Court meant something other than on appeal when it said "now on appeal" January 18, 1978, it will have to so rule explicitly. We do not feel the Vietor decision applies to the defendant.

Judgment of conviction was entered. Remakel thereafter filed notice of appeal.

The chronology of the above proceedings, when examined in light of the language of applicability stated in Vietor, placed Remakel in the unfortunate position of having been found guilty under section 321.281, but not yet sentenced, and therefore unable to file an appeal at the time of the Vietor decision. Although Vietor was made applicable to defendants subjected to future chemical test procedures as well as past chemical test procedures which were on appeal and were properly objected to in trial court, no provision was made for application to defendants caught midway in the criminal process. For Remakel, who had already undergone the chemical test but had not yet been able to file his appeal, the Vietor ruling was literally inapplicable.

Our exclusion of defendants in Remakel's procedural posture was not an intentional omission. In the past we have explicitly dealt with applicability of our decisions to cases tried but not on appeal. See State v. Martin, 217 N.W.2d 536, 542 (Iowa 1974) (decision applicable to cases tried with error properly preserved which are pending on appeal or may be appealed). We now enlarge the Vietor language to make the deci-

1. Section 755.17, The Code 1977, provides in part:

> Any peace officer or other person having custody of any person arrested or restrained of his liberty for any reason whatever, shall, before preliminary hearing and arraignment, except in cases of imminent danger of escape, permit that person, without unnecessary delay after arrival at the place of detention, to call, consult, and see a member of his or her family or an attorney of his or her choice. If a call is made, it shall be made in the presence of the person having custody of the one arrested or restrained. If the person arrested or restrained is intoxicated, or a person under eighteen years of age, the call shall be made by the person having custody. An attorney shall be permitted to see and consult the person arrested or restrained alone and in private at the jail or other place of custody. . . . A violation of this section shall constitute a misdemeanor.

sion also applicable to: cases in which trial commenced on or after the filing of the *Vietor* opinion; and cases tried before the filing of the *Vietor* opinion in which error was preserved and which were pending on appeal at the time of the filing of the *Vietor* opinion or are appealed after the filing of the *Vietor* opinion.

The decision of the Court of Appeals is vacated and the judgment of the trial court is reversed.

COURT OF APPEALS DECISION VACATED; JUDGMENT OF TRIAL COURT REVERSED.