**STATE of Iowa, Appellant,**

v.

**Daniel Wayne STROUD, Appellee.**

**No. 66326.**

Supreme Court of Iowa.

Jan. 20, 1982.

Thomas J. Miller, Atty. Gen., John P. Messina, and Merle W. Fleming, Asst. Attys. Gen., and W. Edward Anstey, Appanoose County Atty., for appellant.

Patrick R. Grady, Asst. State Appellate Defender, for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McGIVERIN and SCHULTZ, JJ.

HARRIS, Justice.

In a pretrial motion to suppress, and at trial, defendant objected to certain evidence (video tape and breath test results) on the grounds that defendant was informed of neither his *Miranda* rights nor of his statutory right to communicate with counsel or family under section 804.20, The Code 1979, before submitting to the breath test pursu-

ant to section 321B.3, The Code. The evidence was received and defendant renewed his position in a post-trial motion. After a jury found him guilty of operating a motor vehicle while under the influence of an intoxicating beverage (§ 321.281), the defendant filed and the trial court sustained a motion for a new trial and in arrest of judgment.

The State resisted, claiming (1) *Miranda* warnings are not required prior to invoking the implied consent procedures (chapter 321B, The Code) and (2) section 804.20 is inapplicable because defendant did not request to consult with counsel or family before submitting to the implied consent procedures. The trial court sustained the post-trial motion, holding: "The court in this case holds that the defendant must be advised at some point in time prior to the invocation of the implied consent law that he has a limited right to counsel and must be so advised." This appeal followed.

It is unnecessary to detail the facts leading up to defendant's arrest. It is sufficient here to say there was ample evidence to support the guilty verdict. This evidence of course included the challenged video tapes and breath test results. Defendant was not given his *Miranda* warnings (*see Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)) nor advised of his rights under section 804.20 (arrested person after arrival at place of detention may call, consult, and see family member or attorney or both) before the tests were taken. Defendant did not ask to consult anyone before submitting to the test.

I. In *State v. Epperson*, 264 N.W.2d 753, 755–56 (Iowa 1978), we pointed out: "Because the implied consent procedure does not constitute interrogation it need not be preceded by the *Miranda* warning. [Authority.] Defendant's statutory right to counsel ... recognized in [*State v. Vietor*, 261 N.W.2d 828, 832 (Iowa 1978)] is not involved here." *See also Schmerber v. California*, 384 U.S. 757, 760–66, 86 S.Ct. 1826, 1830–33, 16 L.Ed.2d 908, 914–17 (1966).

It was error for the trial court to hold defendant was entitled to the *Miranda*

warnings before invocation of the implied consent procedure.

■ II. There is nothing in section 804.-20 which places a duty on the arresting officer or anyone to *advise* of the right to counsel. In *Vietor* we interpreted section 755.17, The Code 1977, which was for our purposes here the same as the present section 804.20. We said: "In the present case, we agree with defendant judge that the statute did not require the officer to tell [the arrested person] he had a right to counsel. It simply forbade telling him he did *not* have such a right." 261 N.W.2d at 831. [Emphasis in original.] We have no wish to overturn our holding in *Vietor*. To whatever extent the trial court relied on the provisions of section 804.20 to support its holding it was error.

In sum, we disagree that the defendant had to be *advised* of a right to counsel prior to invocation of the implied consent law. Neither defendant's *Miranda* rights nor his rights under section 804.20, separately or considered together, support the trial court's holding.

Because the trial court erred in granting a new trial the case is reversed and remanded for entry of judgment and sentence. § 814.5(1)(c); *State v. Lindsey*, 302 N.W.2d 98, 101 (Iowa 1981).

REVERSED AND REMANDED.