STATE of Iowa, Appellee,

v.

**Ordell Thomas KJOS, Appellant.**

No. 93–681.

Supreme Court of Iowa.

Nov. 23, 1994.

Linda Del Gallo, State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., Kevin Parker, County Atty. and Patricia Notch, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, NEUMAN, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

At 4:30 a.m. on the morning of August 30, 1992, Defendant, Ordell Thomas Kjos, was arrested for operating a motor vehicle while under the influence of an alcoholic beverage (OWI). *See* Iowa Code § 321J.2(1) (1991). More than two hours later Kjos was asked to give a breath test. He was erroneously told that a failure to consent to the breath test would cause him to lose his driver's license. *See id.* § 321J.6(2). He consented to the test. It revealed an alcohol concentration of .131.

At trial Kjos argued that the results of the breath test were inadmissible because the police officer requesting the test told him he would lose his license if he did not agree to the test. The district court admitted the test results at trial. The jury convicted Kjos of OWI. The court of appeals affirmed his conviction.

We granted further review to consider whether the false information given to Kjos to obtain his consent made the test results inadmissible. After our review of the record, we conclude the trial court erred in admitting the results of the breath test. Therefore, we vacate the decision of the court of appeals and reverse the district court's judgment and remand.

## I. *Statutory Framework and Background Facts.*

A person commits the offense of operating a motor vehicle while intoxicated if the driver has an alcohol concentration of .10 or above. Iowa Code § 321J.2(1)(b) (1991). If a person operates a motor vehicle under circumstances which give reasonable grounds to believe the person is driving while intoxicated, the driver is deemed to have given consent to a chemical test of his blood, breath or urine for the purpose of determining the alcohol concentration. *Id.* § 321J.6(1).

If a person refuses to submit to a chemical test, his driver's license is automatically revoked. *Id.* § 321J.9. However, if the police officer does not offer a chemical test within two hours after the arrest is made, a test is not required and the driver's refusal of a test will not cause the revocation of his license. *Id.* § 321J.6(2).

Here Kjos was requested to submit to a breath test more than two hours after his arrest. He was falsely told that his failure to take the test would result in the revocation of his driving privileges. On the basis of this information, he consented to the test.

## II. *Admission of Breath Test Results.*

■ Kjos does not argue that the breath test was a warrantless search conducted without his voluntary and uncoerced consent. *See State v. Gravenish,* 511 N.W.2d 379, 381 (Iowa 1994); *State v. Stanford,* 474 N.W.2d 573, 575 (Iowa 1991). His challenge to the trial court's ruling rests on statutory grounds, not constitutional grounds. *See State v. Owens,* 418 N.W.2d 340, 343–46 (Iowa 1988). Consequently, our review is not de novo. *See State v. Jones,* 490 N.W.2d 787, 789 (Iowa 1992).

■ Ordinarily, we review the district court's decision to admit evidence for an abuse of discretion. *State v. Howard,* 509 N.W.2d 764, 768 (Iowa 1993). However, to the extent admission of evidence turns on the interpretation of a statute, our review is for errors of law. *Jones,* 490 N.W.2d at 789. Because Kjos based his objection to admission of the breath test results on section 321J.6(2), we review the trial court's ruling to

determine whether it was based on an erroneous interpretation of the statute.

█ The district court relied on our decision in *State v. Kelly*, 430 N.W.2d 427 (Iowa 1988), to conclude that a test given more than two hours after arrest is admissible. We held in *Kelly* that a failure to request a chemical test within two hours of arrest does not render the results of the test inadmissible under chapter 321J. *Kelly*, 430 N.W.2d at 431. However, we did not decide in *Kelly* whether the results of a test offered more than two hours after arrest *and* given under the threat of license revocation should be excluded at trial. *Id.* That is a different issue.

We believe the present case is similar to the situation before us in *State v. Vietor*, 261 N.W.2d 828 (Iowa 1978). In that case, the person arrested for OWI was told that he had no right to consult with legal counsel before deciding whether to submit to a requested chemical test. *Vietor*, 261 N.W.2d at 831. We held that the statute giving a person arrested for OWI the right to talk with his attorney precluded the police from telling him that he did not have such a right. *Id.* To remedy this statutory violation, we applied the exclusionary rule and held the results of the test inadmissible. *Id.* at 832.

We have the same problem here. Section 321J.6(2) provides that a person offered a chemical test more than two hours after his arrest can refuse the test without risk of license revocation. Consequently, the police officer who arrested Kjos was precluded from telling Kjos that his license would be automatically revoked if he did not consent to the test. We think the remedy for this statutory violation should be exclusion of the test results. Only in this way can a defendant's right to refuse a test offered more than two hours after arrest be preserved.

Our decision here in no way undermines our decision in *Kelly*. Under *Kelly*, the results of a chemical test are not inadmissible simply because the test is offered more than two hours after the defendant's arrest. However, if the test is offered more than two hours after the defendant's arrest *and* the defendant's consent is obtained by the false

threat of license revocation, then the test results must be excluded.

The trial court erred in admitting the results of Kjos' breath test.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.

All Judges concur except NEUMAN, J., who dissents.

NEUMAN, Justice (dissenting).

I respectfully dissent. By casting Kjos' suppression claim as statutory rather than constitutional, I believe the majority has steered away from the correct analysis and endorsed an exclusionary rule application that is neither warranted nor wise.

I. Kjos' counsel argued at trial that "the test was not voluntary under the circumstances, and because of that the test ought to be suppressed and not allowed into evidence." Again, in his motion for new trial, Kjos claimed he was coerced into taking the test by the officer's false advice that his license could be revoked if he refused to consent. "When questions of voluntariness are raised, an examination of the totality of the circumstances is made." *State v. Stanford*, 474 N.W.2d 573, 575 (Iowa 1991). "Deception by law officers—while never condoned—will not, standing alone, render consent involuntary as a matter of law." *State v. Gravenish*, 511 N.W.2d 379, 381 (Iowa 1994). The various factors to be considered on the voluntariness question are outlined in *Gravenish*. The court of appeals, tacitly weighing these factors, found that the officer's tardy use of the form did not thereby render Kjos' consent involuntary. I would agree.

II. Even if this case turned strictly on a statutory violation, exclusion of competent evidence would not be the appropriate remedy. We have long held that chapter 321J's procedural requirements are designed to protect the accuracy of test results and the health of the subject. *State v. Kelly*, 430 N.W.2d 427, 429 (Iowa 1988) (citing *State v. Wallin*, 195 N.W.2d 95, 97 (Iowa 1972)). Lack of compliance with the chapter's dictates has heretofore resulted in licensing con-

cessions, not exoneration of criminal penalties. *Id.* at 431.

Given the majority's view that Kjos' claim is not constitutional in nature, use of the exclusionary rule is highly unusual. *See State v. Garrow,* 480 N.W.2d 256, 258 (Iowa 1992) (application of exclusionary rule usually required only for a violation of constitutional right or where statute specifically requires exclusion). Such an extraordinary remedy should be reserved, I believe, for situations evidencing bad faith by the State's agents or violation of a statute with constitutional overtones, as in *Vietor. See Vietor,* 261 N.W.2d at 830 (claimed denial of statutory right to counsel). Neither circumstance is present here.

Iowa Code section 321J.18 specifically permits introduction of test results procured more than two hours after arrest notwithstanding other provisions of chapter 321J. *Kelly,* 430 N.W.2d at 431. I would affirm the district court's refusal to suppress the evidence.