**STATE of Iowa, Plaintiff–Appellant,**

v.

**Shaun Michael SHAFFER, Defendant–Appellee.**

No. 08–1431.

Court of Appeals of Iowa.

Sept. 17, 2009.

Thomas J. Miller, Attorney General, Martha E. Trout and Mary Tabor, Assistant Attorneys General, Wayne Reisetter, County Attorney, and Stacy Ritchie, Assistant County Attorney, for appellant.

Terri Jo Rekemeyer, Newton, for appellee.

Considered by VAITHESWARAN, P.J., and EISENHAUER and MANSFIELD, JJ.

VAITHESWARAN, P.J.

We must decide whether a police officer adequately accommodated an arrestee's limited statutory right to secure an attorney.

## I. Background Facts and Proceedings

A Waukee police officer stopped a vehicle driven by Shaun Shaffer after he failed to use his turn signal while changing lanes. The officer asked Shaffer if he had been drinking. Shaffer initially responded that he consumed a couple of beers and later stated he had three or four. The officer told Shaffer that he was exhibiting signs of intoxication, and he proceeded to administer field sobriety tests and a preliminary breath test. The result of the preliminary breath test exceeded the legal limit,[1] and Shaffer was arrested and transported to the Waukee Police Department.

At the police station, the officer read Shaffer an implied consent advisory and asked if he would submit to a chemical test. Shaffer asked how much time he had before he would be required to take the test. The officer told him the test needed to be performed within two hours of his arrest. Gesturing to the implied consent advisory form, Shaffer asked, "But if I don't even touch this?" The officer told Shaffer he could not "stall[ ] for time" or he would mark Shaffer's response as a refusal on the form.

Shaffer asked if he could call "someone." The officer told him he could call an attorney, family member, or both. Shaffer took his cell phone out of his pocket and started looking for someone to call. A few minutes passed before he decided to call his friend, Aaron Daniels. Daniels did not answer, so Shaffer tried calling another friend. That friend answered and gave Shaffer the telephone number of Shaffer's cousin. Shaffer called his cousin, who also did not answer. He waited a few minutes and tried again, but still received no answer.

Several minutes later, Shaffer received a call on his cell phone which the officer allowed him to answer. After seeking advice from the caller, Shaffer decided to try an attorney. He asked the officer for the telephone number of attorney Terri Rekemeyer, telling him that he thought she lived in Newton but worked in Des Moines. He also told the officer he did not know whether she practiced with a law firm or by herself. Shaffer then remembered he had the phone number of Rekemeyer's son, Mike Billings. He asked the officer to call Billings from the telephone at the police station. The officer dialed the number, and Shaffer left Billings a message to call the police station as soon as possible.

When a few minutes elapsed with no return call, the officer tried to locate Rekemeyer's telephone number in a Des Moines phone book. He was unable to find a listing. The officer tried calling Billings's cell phone number and discovered the outgoing message was "a business type message" for "some real estate guy." Shaffer asked if he could check the phone book for Rekemeyer's number. The officer denied his request. He told Shaffer it was "time to make a decision." After some additional discussion, Shaffer consented to a chemical test, which revealed an alcohol concentration that exceeded the legal limit of .08.

---

1. At the suppression hearing, the officer testified that the preliminary breath test indicated Shaffer's alcohol concentration was about .08. However, a videotape of the traffic stop indicates the result of the preliminary breath test was actually .109.

The State charged Shaffer with operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2007). Shaffer moved to suppress the result of his chemical test, alleging a violation of his limited statutory right to counsel under section 804.20. Following a hearing, the district court granted Shaffer's motion. The court reasoned:

> Had defendant had a chance to look in the phone book for the attorney's phone number, there would still have been time to perform the test. Of course, there is no guarantee the number would have been located, but by not allowing defendant an opportunity to locate the number of his attorney of choice, defendant was effectively denied his right to counsel.

The State sought discretionary review, which the Iowa Supreme Court granted. The appeal was transferred to this court for disposition.

## II. Analysis

■ Iowa Code section 804.20 states in relevant part:

> Any peace officer or other person having custody of any person arrested or restrained of the person's liberty for any reason whatever, shall permit that person, without unnecessary delay after arrival at the place of detention, to call, consult, and see a member of the person's family or an attorney of the person's choice, or both. Such person shall be permitted to make a reasonable number of telephone calls as may be required to secure an attorney.

Under this provision, an officer must give an arrestee a "reasonable opportunity" to contact an attorney before submitting to a chemical test. *Bromeland v. Iowa Dep't of Transp.*, 562 N.W.2d 624, 626 (Iowa 1997). The provision "is to be applied in a pragmatic manner, balancing the rights of the arrestee and the goals of the chemical-testing statutes." *State v. Tubbs*, 690 N.W.2d 911, 914 (Iowa 2005).

■ Our review of the district court's interpretation of section 804.20 is for errors at law. *State v. Garrity*, 765 N.W.2d 592, 595 (Iowa 2009). We will uphold a ruling on a motion to suppress if the district court applied the law correctly and there is substantial evidence to support the findings of fact. *Id.*

Here, there is no real dispute about the facts. The only question is whether the district court correctly applied the law to those facts. The record reflects that the officer allowed Shaffer to make at least four phone calls from his cell phone and one call from the telephone at the police station. The officer also let Shaffer answer an incoming call on his cell phone. The officer additionally allowed Shaffer to leave a message with his attorney's son, directing him to call the police station as soon as possible. Finally, the officer checked the Des Moines phone book for the attorney's telephone number and called the attorney's son himself. We conclude the officer afforded Shaffer a reasonable opportunity to contact counsel.

In reaching this conclusion, we have considered the fact that the officer was not close to abutting the two-hour deadline for administering the test[2] and, accordingly, could have accommodated Shaffer's request to check the phone book himself. Because the officer afforded Shaffer many and varied opportunities to obtain advice and reach his attorney, we are persuaded that his refusal to take this additional step does not mandate a different result. *See*

---

**2.** There appears to be about a nineteen-minute discrepancy between the time on the videotape and the time the events actually occurred.

*Bromeland,* 562 N.W.2d at 626 (noting the limited right to counsel under section 804.20 "is satisfied by allowing the arrestee to make a telephone call"); *Ferguson v. Iowa Dep't of Transp.,* 424 N.W.2d 464, 466 (Iowa 1988) ("[O]rdinarily the statutory right to counsel would be satisfied if the arrestee was allowed to make a phone call to his lawyer."); *State v. Vietor,* 261 N.W.2d 828, 831–32 (Iowa 1978) (noting defendant "was allowed to make several telephone calls" and this would ordinarily satisfy the right to access to counsel but for the fact that the record was silent "concerning whether he tried to reach a lawyer or whether the officer's categorical statement he could not have one persuaded him not to try"); *Moore v. Iowa Dep't of Transp.,* 473 N.W.2d 230, 231 (Iowa Ct. App.1991) ("The two-hour period during which testing must occur does not mean every arrestee is granted two full hours before he or she must consent to testing.").

We have also considered *Haun v. Crystal,* 462 N.W.2d 304, 306 (Iowa Ct.App. 1990), cited by the district court, as well as *Short v. Iowa Department of Transportation,* 447 N.W.2d 576, 579 (Iowa Ct.App. 1989), both holding that the arrestees were not afforded a reasonable opportunity to contact attorneys. These opinions turned on the fact that the arrestees contacted attorneys with the knowledge of the officers and were awaiting further contact with them when the officers administered the chemical test. *Haun,* 462 N.W.2d at 306; *Short,* 447 N.W.2d at 578–79. In contrast, Shaffer was not able to reach an attorney even after several attempts and even with the assistance of the officer. *See Vietor,* 261 N.W.2d at 831 ("If the lawyer ... cannot be reached promptly by telephone or otherwise, the defendant may be required to elect between taking the test and submitting to revocation of his license, without the aid of counsel."). Additionally, the record contains evidence that Shaffer did not act in good faith. *See Bromeland,* 562 N.W.2d at 626 ("[A]ny request for counsel must be made in good faith."); *Vietor,* 261 N.W.2d at 831 ("An arrested person should not be allowed to sabotage the purpose of Chapter 321[J] by delay."). The officer testified, "I think he was stalling." He cited Shaffer's questions to him about the two-hour deadline, his reference to not touching the implied consent forms, and the time it took to retrieve phone numbers. For these reasons, *Haun* and *Short* do not dictate a different result.

We reverse the district court's ruling on Shaffer's motion to suppress and remand for further proceedings.

**REVERSED AND REMANDED.**