# IN THE COURT OF APPEALS OF IOWA

No. 13-1830
Filed August 13, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL LEER JR.,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Cerro Gordo County, Gerald W. Magee, Judge.

        Defendant appeals his conviction for operating while intoxicated, second offense. **AFFIRMED.**

        Brandon Brown of Parrish, Kruidenier, Dunn, Boles, Gribble & Gentry, L.L.P., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Sean M. Corpstein, Legal Intern, Carlyle Dalen, County Attorney, and Steven D. Tynan, Assistant County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Michael Leer appeals his conviction for operating while intoxicated, second offense. He claims the district court erred by finding a breath test was offered or made available to him within two hours after refusing a preliminary breath test (PBT). There is substantial evidence in the record to support the court's findings that the test was offered to Leer within two hours. We affirm the decision of the district court denying Leer's motion to suppress the results of his breath test.

## I.    Background Facts & Proceedings

On January 1, 2012, at about 3:00 a.m., Officer Jason Stiles of the Mason City Police Department stopped a vehicle driven by Leer. Another officer, Duane Kemna, also appeared at the scene. Leer was observed to have watery, bloodshot eyes, a strong odor of alcoholic beverages, and he "admitted he had drunk a few beers." Leer refused a PBT. One dashboard camera recorded the time of refusal as 3:08:03 a.m. and another dashboard camera recorded the time as 3:09:26 a.m. Officer Kemna called in the refusal to computer-aided dispatch, which recorded the time as 3:15 a.m.

Leer was arrested and taken to the police station. After he made several telephone calls, Officer Stiles read him the implied consent advisory. The officer gave Leer a written request for a breath sample. Officer Stiles looked at his wristwatch and saw the time of the request was 5:05 a.m. Leer signed the consent form. Officer Stiles testified that about ten or fifteen seconds later he activated the DataMaster. A printout of the DataMaster shows it was activated at

5:16:31 a.m.  Leer provided a breath sample which showed his blood alcohol level was .129.

Leer was charged with operating while intoxicated (OWI), second offense, in violation of Iowa Code section 321J.2 (2011).  Leer filed a motion to suppress, challenging the stop of his vehicle and claiming the result of his breath test should be suppressed because the test was made more than two hours after he refused the PBT.  After a hearing, the district court denied the motion to suppress.  The court also denied Leer's motion to reconsider its ruling.

Leer waived his right to a jury trial.  The parties stipulated to a trial based on the minutes of evidence.  The district court found Leer guilty of OWI, second offense.  Leer was sentenced to two years in prison, with all but seven days suspended.  He appealed.

On appeal, the Iowa Court of Appeals affirmed that part of the suppression ruling addressing whether the officer had reasonable suspicion to stop Leer's vehicle.  *State v. Leer*, No. 12-1904, 2013 WL 4769391, *3 (Iowa Ct. App. Sept. 5, 2013).  We determined, however, the district court had used an improper legal standard in determining whether Leer had been offered a breath test outside the two-hour limitation found in section 321J.6.  *Id.* at *4.  The court had improperly considered the evidence in a light most favorable to the State.  *Id.*  We reversed on this issue and remanded to the district court "for application of the correct legal standard, placing the burden upon the State."  *Id.*

On remand, the district court determined the most credible evidence of the time Leer refused the PBT was 3:15 a.m., the time the refusal was logged into

computer-aided dispatch. The court found the times from the dashboard cameras were not certified nor verified and noted the times from the two dashboard cameras were different from each other. The court also found Officer Stiles had offered a breath test to Leer at 5:05 a.m., the time he noted on his wristwatch. The court determined, "[t]he *offer* of breath testing is the crucial factor, not when Defendant signed the consent nor when the machine was activated." The court determined the State met its burden of proof to show the testing was offered or made available to Leer within the two hours required by section 321J.6. Leer again appeals.

## II. Standard of Review

Our review of the district court's ruling is for the correction of errors at law. *State v. McCoy*, 603 N.W.2d 629, 630 (Iowa 1999). We will uphold the district court's ruling on the motion to suppress if it is supported by substantial evidence. *State v. Wootten*, 577 N.W.2d 654, 656 (Iowa 1998). "We will not reverse the trial court's ruling on the basis that the evidence is disputed, or that the trial court could have reached the opposite conclusion." *State v. Laughridge*, 437 N.W.2d 570, 572 (Iowa 1989).

## III. Merits

Leer claims the district court erred by finding a breath test was offered or made available to him within two hours. He contends there is not substantial evidence in the record to support the court's finding that he refused the PBT at 3:15 a.m. He also contends the evidence does not support the finding Officer Stiles requested a breath test at 5:05 a.m. Leer asserts the request for a breath

test was made outside the two-hour time period, and the results of the breath test should have been suppressed.

"[I]f the police officer does not offer a chemical test within two hours after the arrest is made, a test is not required and the driver's refusal of a test will not cause the revocation of his license." *State v. Kjos*, 524 N.W.2d 195, 196 (Iowa 1994). If a request for testing is made after two hours, and a person is improperly informed refusal of testing will result in license revocation, as was the case here, the test results will be excluded. *See id.* at 197. The State has the burden to show by a preponderance of the evidence a defendant's consent to testing was voluntary. *State v. Overbay*, 810 N.W.2d 871, 879 (Iowa 2012); *State v. Stanford*, 474 N.W.2d 573, 575 (Iowa 1991).

Section 321J.6(2) provides, "If the peace officer fails to offer a test within two hours after the preliminary screening test is administered or refused or the arrest is made, whichever occurs first, a test is not required, and there shall be no revocation under section 321J.9." Under the language of the statute, a test should be offered within a two-hour period; there is no requirement the test must actually be taken within that time interval. *State v. Stoneking*, 379 N.W.2d 352, 356 (Iowa 1985).

We determine there is substantial evidence in the record to support the district court's finding Leer's refusal of the PBT was at 3:15 a.m. Officer Stiles testified he relied upon the time logged by computer-aided dispatch, which was 3:15 a.m. There was no evidence the clocks in the two dashboard cameras had been certified or verified. There was no evidence the clocks in the dashboard

cameras had ever been synchronized with any other clock. Officer Stiles testified he never used the clock from the dashboard camera in his patrol car. Also, as the court noted, the times from the dashboard cameras from Officer Stiles's car and Officer Kemna's car differed.

We also determine there is substantial evidence in the record to support the court's finding Leer had been offered a breath test at 5:05 a.m. Officer Stiles testified he looked at his wristwatch when he requested a breath specimen and noted down the time. The court found, "Stiles later testified that from the time Defendant *signed* consent to testing until the DataMaster was activated only a 'few seconds' or 'one minute' elapsed but that it takes that machine 'a couple of minutes' to run its checklist/tests." The court stated that although a printout from the DataMaster showed it had been activated at 5:16:31, the relevant time was when the request for a breath test had been made, not when the machine had been activated.

The fact the evidence is disputed does not mean the district court's ruling was not supported by substantial evidence. *See Laughridge*, 437 N.W.2d at 572. We affirm the decision of the district court denying Leer's motion to suppress the results of his breath test.

**AFFIRMED.**