**Dwight E. WETZEL, Appellant,**

v.

**George Savannah WILSON et al., Appellee.**

No. 62132.

Supreme Court of Iowa.

March 21, 1979.

Richard L. Wilson, of Wilson, Bonnett & Christensen, Lennox, and Erickson, Sederstrom, Leigh, Johnson, Koukol & Fortune, P. C., Omaha, Neb., for appellant.

W. C. Hoffmann, of Jones, Hoffmann & Davison, Des Moines, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and ALLBEE, JJ.

LeGRAND, Presiding Justice.

This is an appeal from judgment denying plaintiff's claim for benefits under the Workers' Compensation Act for injuries sustained while he was employed in agricultural work on defendant's farm. The trial court found that plaintiff was excluded from the benefits of the act by the provisions of § 85.1(3)(a), The Code, 1975. On plaintiff's appeal, we affirm.

The case comes to us on an agreed statement of facts pursuant to rule 15(f), Iowa R.App.P. We set these facts out briefly.

Defendant, George Savannah Wilson, is a retired farm implement dealer who now operates a farming and cattle feeding operation of approximately 508 acres. He employed plaintiff as a farm laborer on a part-time basis for an hourly wage. On October 29, 1975, while so employed, plaintiff suffered serious injuries, involving extensive surgery and long hospitalization, for which he seeks benefits under the Workers' Compensation Act.

Defendant denies any liability under that statute, and the question becomes one of statutory construction to determine whether plaintiff is included or excluded from coverage under the terms of § 85.1(3)(a), The Code, 1975. The Deputy Industrial Commissioner found for plaintiff. That decision was reversed on review hearing by the Industrial Commissioner, whose opinion was affirmed by the district court.

Prior to a 1973 amendment to § 85.1 (1973 Session, Laws of the 65th G.A., ch. 144), all agricultural workers were excluded from coverage under the Workers' Compensation Act except under circumstances not present here. After this amendment, § 85.1 provided in pertinent part as follows:

[T]his chapter shall not apply to:

1. . . .

2. . . .

3. Persons engaged in agriculture, insofar as injuries shall be incurred by employees while engaged in agricultural pursuits or any operations immediately connected therewith, whether on or off the premises of the employer, except that commencing January 1, 1974, this chapter shall apply to such persons if at the time of injury such person is employed by an employer:

a. Whose total cash payments to one or more such persons amounted to two thousand five hundred dollars or more during the preceding calendar year, or

b. Who employs at least one person regularly. An employer shall be deemed to employ a person regularly if he employs at least one person for forty hours or more per week for thirteen consecutive weeks during any part of the preceding twelve months.

No claim is made that subsection (b) is applicable. If plaintiff is to recover, he must do so on the basis of subsection (a).

We mention parenthetically the statute was again amended later (*see* Laws of the 66th G.A., ch. 1084) to make several significant changes, among which was reducing the required earnings in subsection (a) from $2,500.00 to $1,000.00. However, when plaintiff was injured, the statute was in the above form.

Taken alone, plaintiff's earnings during 1974 (the applicable calendar year) would not qualify him for Workers' Compensation benefits. However, plaintiff argues other persons performed farm services for defendant for which he paid substantial sums. Plaintiff says these amounts, together with his own wages, exceed $2,500.00 and therefore satisfy the statutory cash payment minimum. Defendant counters by asserting only plaintiff was an employee; all others performed their services as independent contractors, whose earnings are not to be considered in determining if the terms of subsection (a) have been met.

Thus, there are two closely related questions presented. First, were the other persons who performed services for defendant employees or independent contractors? Secondly, assuming they were independent contractors, did the legislature intend to include the amounts paid to independent contractors in determining if an employer had paid more than $2,500.00 for farm services within the meaning of subsection (a)?

We consider first the question whether those performing services for defendants (other than plaintiff) were employees or independent contractors. The Industrial Commissioner found them to be independent contractors. The trial court agreed, and so do we.

We start with the rule that the Workers' Compensation Act is to be given a

liberal construction in favor of injured employees. *Polson v. Meredith Publishing Co.,* 213 N.W.2d 520, 526 (Iowa 1973); *Irish v. McCreary Sawmill,* 175 N.W.2d 364, 368 (Iowa 1970). Another principle governing our consideration of this case is that the findings of the Commissioner are binding on us unless a contrary result is demanded as a matter of law. *Auxier v. Woodward State Hospital-School,* 266 N.W.2d 139, 143 (Iowa 1978); *Langford v. Kellar Excavating & Grading, Inc.,* 191 N.W.2d 667, 668 (Iowa 1971). There is substantial evidence in this record to sustain the Commissioner's finding that all who performed agricultural services for defendant, with the exception of the plaintiff, were doing custom and related farm work on a job basis with their own equipment at a fixed price and that they were independent contractors. There is no ground upon which we can disturb that conclusion. *See Daggett v. Nebraska-Eastern Express, Inc.,* 252 Iowa 341, 348, 107 N.W.2d 102, 106–07 (1961); *Mallinger v. Webster City Oil Co.,* 211 Iowa 847, 850–51, 234 N.W. 254, 256–57 (1931).

■ This brings us to the more important question concerning the construction of § 85.1(3)(a). Plaintiff argues the statute should be construed to mean that payments of $2,500.00 or more to *any* person rendering farm services, not just employees, make the employer liable under the Workers' Compensation Act. He insists the words "such persons" relate back to "persons engaged in agriculture." On the contrary, like the Commissioner and the trial court, we hold the words "such persons" refer only to employees. We believe this is the inevitable conclusion from the history of the Workers' Compensation Act and from what appears to be the general purpose of the amendment.

Independent contractors have never been within the coverage of the Act. Until the 1973 amendment, neither were farm workers. That amendment brought some farm workers within the system. Although, as the trial court pointed out, there is some ambiguity in the language of the amendment, there is no rational ground for believing the legislature intended to extend coverage so casually to a class of persons—independent contractors—who have traditionally been excluded. With this as a premise, we hold the legislature did not mean to use payments made to that *excluded* class (independent contractors) in fixing the rights of the *included* class (employees).

The trial court pointed out another reason for this conclusion. By amendment in 1976 (1976 Session, Laws of the 66th G.A., ch. 1084), the legislature changed the wording by substituting the word "payroll" for "payments." We quote from, and adopt, the following from the trial court's opinion:

In addition, we may have the legislature's own explanation of its intention in Chapter 1084 of the Acts of the 66th G.A. where it reduced as of January 1, 1977, the qualifying base to $1,000 and substituted the word "payroll" for "payments". The Court can hardly consider that random and irregular payments made to those spraying, combining or trucking crops are part of an employer's "cash payroll". Giving weight to the fact that independent contractors have always been excluded from benefits in the worker's compensation system, the Court concludes that it was the legislative intention to bring mandatorily into that system only that employer who paid $2,500 or more in 1974 to his *employees* . . . (Emphasis in original)

■ Although the 1976 amendment had no retroactive effect, it is proper to consider it in arriving at the meaning of the law under the prior statute. Under the circumstances of this case, we believe the amendment supports our conclusion. *See Barnett v. Durant Community School District,* 249 N.W.2d 626, 629–30 (Iowa 1977).

We hold the trial court judgment was correct and it is accordingly—

AFFIRMED.