**STATE of Iowa, Appellant,**

v.

**Andrew Scott McATEER, Appellee.**

**STATE of Iowa, Appellant,**

v.

**Robbin Sue MORRISON, Appellee.**

No. 63630.

Supreme Court of Iowa.

April 23, 1980.

Thomas J. Miller, Atty. Gen., Kathy Krewer, Asst. Atty. Gen., and Donald R. Mason, Asst. Marshall County Atty., for appellant.

Curtis A. Ward, of Mowry, Irvine & Brooks, Marshalltown, for appellee McAteer.

Paul C. Peglow, of Johnson, Sudenga, Carter & Latham, Marshalltown, for appellee Morrison.

Considered by LeGRAND, P. J., and HARRIS, McCORMICK, McGIVERIN and LARSON, JJ.

HARRIS, Justice.

In these two prosecutions for operating a motor vehicle while under the influence of an intoxicating beverage (§ 321.281, The Code 1979) each accused requested permission to consult with a family member. Because each request was denied the trial court suppressed evidence of one defendant's refusal to take a breath test and of the failure of the other test. On discretionary review we affirm the trial court.

McAteer was arrested and charged on February 9, 1979, Morrison on February 24, 1979. The actions and statements of both

were recorded on tape. Both were requested to submit to a breath test. § 321B.3, The Code 1979. McAteer asked to call his parents and when not permitted to do so he refused the test. He was then allowed to consult with an attorney after which, despite his failure to waive his constitutional rights, he was questioned by the officers.

Morrison requested to call her father before deciding whether to perform the test but was repeatedly told the line was busy. She then attempted to perform the test but was unable to blow hard enough for the testing device to engage. As a result she was considered to have failed the test. Thereafter she was allowed to call her father who directed her to obtain an attorney. After speaking with the attorney she submitted to further questioning notwithstanding her refusal to sign a waiver of rights.

After the charges were brought each defendant moved to suppress evidence obtained after being denied permission to consult with a family member. Section 804.20, The Code 1979 provides:

Any peace officer or other person having custody of any person arrested or restrained of his or her liberty for any reason whatever, shall permit that person, without unnecessary delay after arrival at the place of detention, to call, consult, and see a member of his or her family or an attorney of his or her choice, or both. Such person shall be permitted to make a reasonable number of telephone calls as may be required to secure an attorney. If a call is made, it shall be made in the presence of the person having custody of the one arrested or restrained. If such person is intoxicated, or a person under eighteen years of age, the call may be made by the person having custody. An attorney shall be permitted to see and consult confidentially with such person alone and in private at the jail or other place of custody without unreasonable delay. A violation of this section shall constitute a simple misdemeanor.

In *State v. Vietor*, 261 N.W.2d 828, 832 (Iowa 1978), we adopted an exclusionary rule in considering the effect of the violation of the companion right under what is now section 804.20. We held that denial of the accused's right to consult with an attorney rendered inadmissible evidence of his refusal to submit to a chemical test. (Such a refusal is ordinarily admissible under section 321B.11.) Before doing so we were careful to reject a contention that the evidence should be suppressed on constitutional grounds. Our holding in *Vietor* rested squarely and exclusively on the statute. 261 N.W.2d at 830.

In this appeal the State urges for a reversal, concentrating its arguments on two lines, one constitutional and the other of policy. The first line points to the constitutional necessity for advice of counsel and distinguishes that necessity from the desirability of conversation with family members. *Fare v. Michael C.*, 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197, 208–10 (1979). On a policy basis the State argues that there is a great deal more practical usefulness in the advice of an attorney than could be gained from advice of a lay member of the family.

These arguments overlook the basis for our holding in *Vietor*. Constitutional requirements may be set aside because the exclusionary rule was in no way derived from constitutional rights. The policy argument should be addressed to the legislature.

In adopting section 804.20 the legislature gave equal dignity to both rights of consultation. We note that the words "or both" were added to the former section (§ 755.17) by Acts, 66th G.A., ch. 1245(2), § 421. In *State v. Tornquist*, 254 Iowa 1135, 1151, 120 N.W.2d 483, 493 (1963), we referred to the two rights of consultation without distinguishing them in importance.

We believe the right, given by section 804.20, to communicate with a family member is neither more nor less qualified than the right given to communicate with an attorney. We know of no reason why the exclusionary rule should be applied to a violation of one right and not to that of the other. The trial court was right in suppressing the evidence.

AFFIRMED.