CADY, Chief Justice
(concurring specially).
I concur in the opinion of the majority. I write separately to express my view that it is time to reverse our prior cases and require a peace officer to advise an arrested person of the statutory right to counsel.
While we have held that a peace officer is not required to advise an arrested person of the right to counsel with a family member and attorney under Iowa Code section 804.20 (2013), we have also held the officer must advise the arrested person of the right for the purpose of assisting the person in attempting to exercise the right. Didonato v. Iowa Dep’t of Transp., 456 N.W.2d 367, 371 (Iowa 1990). Although the second rule was developed to prevent the lack of knowledge of the statutory right from becoming a trap impeding the exercise of the right, the application of the rule has become so nuanced that it has now become a trap for the state. No rule of law should work as a trap for any person or the government. To ensure a fair and neutral application of the statute into the future, our prior cases should be reversed and replaced with á simple rule that a peace officer must advise every arrested person of the statutory right to counsel.
ZAGER, J., joins this special concurrence.