# IN THE COURT OF APPEALS OF IOWA

No. 14-0831
Filed April 22, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**RANDALL LEE LAMOREUX,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Hancock County, DeDra L. Schroeder (suppression ruling) and Gregg R. Rosenbladt (trial), Judges.

A criminal defendant appeals from his conviction for operating while intoxicated arguing a violation of his right to consult confidentially with an attorney. **REVERSED AND REMANDED.**

David A. Kuehner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles City, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Katie Fiala, Assistant Attorneys General, and David C. Solheim, County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

Randall Lee Lamoreux appeals from his conviction for operating while intoxicated, third offense, after the district court denied his motion to suppress the chemical test. He alleges law enforcement officers violated his right to consult confidentially with his attorney contrary to Iowa Code section 804.20 (2013). We reverse and remand for retrial.

Lamoreux was arrested and charged with OWI, third offense, in violation of Iowa Code section 321J.2. From the jail, Lamoreux made numerous phone calls, including one to his attorney, Ted Hovda. Hovda and Lamoreux were permitted to meet in a booking room. The room was both video and audio recorded. Neither Lamoreux nor Hovda made a specific request for a room that was not recorded. Lamoreux consented to a chemical test. Prior to trial, Lamoreux filed a motion to suppress the results, arguing the law enforcement officers violated his right to consult confidentially with his attorney in a room free of surveillance, contrary to Iowa Code section 804.20. The district court denied the motion to suppress and found Lamoreux guilty. Lamoreux appeals the denial of the motion to suppress.

We review the district court's interpretation of Iowa Code section 804.20 for errors at law. *State v. Walker*, 804 N.W.2d 284, 289 (Iowa 2011). We affirm the suppression ruling "when the court correctly applied the law and substantial evidence supports the court's fact-finding." *Id.* Iowa Code section 804.20 provides:

> Any peace officer or other person having custody of any person arrested or restrained of the person's liberty for any reason whatever, shall permit that person, without unnecessary delay after arrival at the place of detention, to call, consult, and see a member of the person's family or an attorney of the person's choice, or both. Such person shall be permitted to make a reasonable number of telephone calls as may be required to secure an attorney. If a call is made, it shall be made in the presence of the person having custody of the one arrested or restrained. If such person is intoxicated, or a person under eighteen years of age, the call may be made by the person having custody. *An attorney shall be permitted to see and consult confidentially with such person alone and in private at the jail or other place of custody without unreasonable delay.* A violation of this section shall constitute a simple misdemeanor.

(Emphasis added.) The State contends there was no violation of section 804.20 when neither Lamoreux nor Hovda made any affirmative request to meet in a room without video surveillance. In other words, the State argues the defendant must make a specific request for a private room or there is no violation of the statute. The State cites a line of cases wherein the custodial defendant was required to make a specific request to obtain a right set out in section 804.20. *See State v. Hellstern*, 856 N.W.2d 355, 364-65 (Iowa 2014) (recognizing a request by defendant to make a private phone call to attorney triggered law enforcement officer's duty to inform him that the attorney must come to the jail for a confidential conference); *State v. Lukins*, 846 N.W.2d 902, 909 (Iowa 2014) (stating "if an imprecise statement, reasonably construed, implicates the statute, then the officer should inform the detainee of his or her right to an independent chemical test under Iowa Code section 321J.11"); *State v. Garrity*, 765 N.W.2d 592, 596-97 (Iowa 2009) (holding when a defendant requests a phone call to a

person outside the scope of section 804.20, the officer must inform the defendant that the statutory right entitles the defendant to call an attorney or a family member only).

Our supreme court recently clarified the statutory language and addressed videotaped surveillance of client-attorney consultations in the jailhouse in *State v. Walker*, 804 N.W.2d at 287. The court found the law enforcement officer violated Walker's rights under section 804.20 when Walker was only permitted to consult with his attorney through a glass partition in a booth that was under video surveillance. *Walker*, 804 N.W.2d at 287. In construing the statute, the court determined people under police video surveillance would not believe they are meeting "alone and in private" as the statute requires. *Id.* at 294. The State argued that the partition and surveillance were necessary to prevent passing of contraband or weapons to detainees and because "the attorney might pose a safety issue." *Id.* at 287-88. The State could point to no specific safety issue under the circumstances. The court rejected the argument and held, "[I]n the absence of any individualized showing of a safety or security risk[,] video surveillance violates an arrestee's right to 'see and consult confidentially' with his attorney 'alone and in private.'" *Id.* at 295 (quoting Iowa Code § 804.20).

In *State v Hellstern*, a case decided after *Walker*, the court considered law enforcement obligations for confidentiality during a phone call between an arrestee and counsel. 856 N.W.2d at 360-61. The court noted the "telephone calls which section 804.20 assures to persons in custody are not intended to be confidential as is shown by the provision that they are to be made in the

presence of a custodian." *Id.* at 361 (internal quotation omitted). The court further explained, "By contrast, the statute expressly provides a right to a confidential consultation between an attorney and client *at the jail* to be conducted alone and in private. The right of privacy between attorney and client is well recognized and jealously guarded *during jailhouse consultations*." *Id.* (emphasis added) (citations omitted) (internal quotation marks omitted).

Lamoreux argues it is not a specific request for a private meeting that triggers the requirement that the meeting be confidential, but the defendant's request to meet with an attorney that triggers the statutory obligation to provide a confidential and private meeting. The holding in *Walker* persuades us that in the absence of any individualized showing of a safety or security risk, once Lamoreux invoked his right to consult with an attorney, and his attorney was there in person, the State was required to provide Lamoreux the opportunity to "see and consult confidentially," "alone and in private." Iowa Code § 804.20. He was not required to make a specific request not to be subject to audio or video recording.

At the suppression hearing, Lamoreux asked the law enforcement officer what safety or security risk existed to justify the surveillance. The officer testified, "I mean there is always somewhat of a concern." This evidence does not demonstrate an individualized safety or security risk that weighs against Lamoreux's statutory right to consult with his attorney confidentially, alone, and in private. The defendant who is denied this right need not show that he was prejudiced as a result. *Walker*, 804 N.W.2d at 296. The remedy, where the

charge is OWI, is suppression of the breath-test results. *Id.* We therefore reverse the conviction and the denial of the motion to suppress and remand for retrial.

**REVERSED AND REMANDED.**