# IN THE COURT OF APPEALS OF IOWA

No. 17-0852
Filed May 2, 2018

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**TRACY KLINKKAMMER,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Johnson County, Jason A. Burns, District Associate Judge.

　　A defendant appeals his conviction for operating while intoxicated, in violation of Iowa Code section 321J.2 (2015). **AFFIRMED.**

　　Mark C. Meyer, Cedar Rapids, for appellant.

　　Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee State.

　　Heard by Potterfield, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Tracy Klinkkammer appeals his conviction for operating while intoxicated, in violation of Iowa Code section 321J.2 (2015). We find Klinkkammer's right to communicate with family or an attorney was not violated. Therefore, we affirm the district court.

## I. Background Facts and Proceedings

On November 12, 2015, Klinkkammer was involved in a motorcycle accident. Klinkkammer was injured, and Officer Brandon Richmond, equipped with a body camera, responded to the scene. A preliminary breath test indicated a .126 blood alcohol content. No field sobriety tests were performed due to Klinkkammer's injuries. Klinkkammer was transported to the hospital for treatment. Officer Richmond followed and, at the hospital, began to read Klinkkammer the implied-consent advisory. During the reading, a monitor indicated Klinkkammer's oxygen level was low. Officer Richmond broke off the reading and moved to the foot of the bed.

Klinkkammer's oxygen levels were restored to an acceptable level. The body camera shows medical staff asking Klinkkammer if he wanted to call anyone. Klinkkammer stated, "[T]hat's why I'm trying to get my phone." Medical staff advised him that if he knew a phone number off the top of his head, they would call for him. Officer Richmond subsequently stepped in and began to read the implied-consent advisory again.

Klinkkammer consented to a blood test. The blood test confirmed an elevated blood alcohol concentration. Klinkkammer was charged with operating while intoxicated, second offense, in violation of Iowa Code section 321J.2. He

filed a motion to suppress on July 11, 2016, claiming his right to contact a family member or counsel was violated and, therefore, the blood test should be suppressed. On December 14, the district court denied the motion and found Klinkkammer's statements could not be reasonably construed as invoking his right to communicate. The record was reopened for the presentation of additional evidence, and the additional evidence did not change the initial ruling denying the motion. Klinkkammer consented to trial by the court and waived his right to a jury. Klinkkammer was found guilty March 17 and now appeals.

## II. Standard of Review

"We review the district court's interpretation of section 804.20 for errors at law." *State v. Hicks*, 791 N.W.2d 89, 93 (Iowa 2010). "If the district court correctly applied the law, we then determine whether there is substantial evidence to support the court's findings of fact." *Id.*

## III. Right to Communicate

Klinkkammer claims Officer Richmond violated his right to communicate as he made no attempt to help Klinkkammer make a phone call after the exchange between Klinkkammer and the nurse. Detainees have a statutory right to communicate with family or counsel. Iowa Code § 804.20. Our supreme court has held when a detainee "makes a statement that can reasonably be construed as a request to communicate with family members or an attorney, the suspect has invoked his section 804.20 right to communicate with family or counsel." *Hicks*, 791 N.W.2d at 95. However, the right "is a limited one and only requires a police officer to provide the suspect with a reasonable opportunity to contact an attorney or family member." *Id.* at 94.

The State asks us to establish a rule finding a detainee's communications with third parties requesting contact with family or counsel, overheard by an officer, does not invoke the right to communication. We find the establishment of such a rule unnecessary in this case. Klinkkammer's statements cannot be "reasonably construed" as a request to contact a family member or counsel. When medical staff asked Klinkkammer if he would like to make a phone call, he responded "[T]hat's why I'm trying to get my phone." We find this statement was made to a medical professional and, therefore, was for a reason or a different purpose other than the invocation of a right to obtain advice. Additionally, the words spoken by Klinkkammer were insufficient to convey to the officer he wanted to talk to an attorney or family member before answering any questions. Medical staff then told Klinkkammer they would make a call for him if he could remember a number off the top of his head.

Klinkkammer's statement in response to medical staff's comment is, at best, a request to make a phone call. However, there is no indication as to who he was trying to contact, and any attempt to determine who he was trying to contact would be an educated guess on the part of the court. We find Klinkkammer's request did not invoke his right to communicate. These factors, in addition to the testimony of the officer that he did not hear the statement by Klinkkammer, are insufficient to invoke Iowa Code 804.20. Therefore, we affirm the district court.

**AFFIRMED.**

Mullins, J., concurs; Potterfield, P.J., concurs specially.

**POTTERFIELD, Presiding Judge** (concurring specially)

I concur in the majority's affirmance of the denial of Klinkkammer's motion to suppress the evidence of the blood test but for different reasons. Klinkkammer's response to the offer by medical staff to call someone for him, "[T]hat's why I'm trying to get my phone," is an adequate request to make a phone call under Iowa Code section 804.20 (2015). *See State v. Lamoreux*, 875 N.W.2d 171, 179 (Iowa 2016) (stating "that once an arrestee asks to make *a* phone call, the officer has an obligation to advise the arrestee the persons to whom calls can be made (citing *State v. Garrity*, 765 N.W.2d 592, 596–97 (Iowa 2009))). In finding Klinkkammer's statement insufficient to express his wish to make a phone call, the majority opinion ignores the supreme court's requirement to "broadly construe" attempts to invoke section 804.20 rights. *See Lamoreux*, 875 N.W.2d at 179; *Didonato v. Iowa Dep't of Transp.*, 456 NW2d 367, 371 (Iowa 1990). However, since on the record before us, the officer did not hear Klinkkammer's request, I would affirm the district court's finding the officer had no duty to advise Klinkkammer the persons to whom calls can be made.