# IN THE COURT OF APPEALS OF IOWA

No. 15-0165
Filed April 27, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**VICTOR LAWRENCE MARKLEY,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Story County, Lawrence E. Jahn, District Associate Judge.

Victor Markley appeals from the denial of his motion to suppress and subsequent judgment and sentence entered upon his conviction for operating while intoxicated, third offense, as an habitual offender. **AFFIRMED.**

Richard A. Bartolomei of Bartolomei & Lange, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., McDonald, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, Senior Judge.**

Victor Markley appeals his conviction for operating while intoxicated (OWI), third offense, as an habitual offender. We affirm.

### I. Background Facts and Proceedings

Shortly after 11:00 p.m. on June 6, 2014, Deputy Combs found Markley in the driver's seat of a running car parked in the middle of a busy county highway. The car's emergency flashers had been activated. When Combs looked in the car, Markley appeared to be passed out or asleep with a lit cigarette in his mouth and an open can of beer in his hand. After several unsuccessful efforts, Combs eventually roused Markley, who drove to the shoulder.

Combs asked if Markley had been drinking, and Markley admitted to drinking but claimed he had not consumed "much." Combs observed Markley's eyes were "glassed over" and his speech was slurred. During field-sobriety testing, Markley asked for his cell phone, and Combs told him he "would get his phone in a little bit." Markley performed poorly on field-sobriety tests, and he refused to perform a preliminary breath test. Because Combs believed Markley was intoxicated, he arrested him and drove him to the sheriff's office.

At the office, Combs read the implied-consent advisory to Markley. Combs then gave Markley his cell phone, a landline phone, and a telephone book. Combs told Markley "you can use your cell phone" and "you can call anyone you want." Markley placed one call, and Combs believed Markley "made contact with the person," but Combs did not listen to the conversation. Combs asked Markley who he had called, and Markley replied, "[A] friend." Combs asked: "Do you want to call anyone else?" Markley said, "No." Combs then

asked Markley to consent to a breath test, and Markley declined. Thereafter, Markley made additional phone calls. The record supports the district court's finding: "[W]henever Markley wanted to make a call at any time after arriving at the place of detention, he was allowed to do so without restriction."

Markley was charged with OWI, third offense, as an habitual offender, and he filed a motion to suppress, claiming he had been denied his statutory rights to make phone calls under Iowa Code section 804.20 (2013). The district court denied the motion. Markley stipulated to a trial on the minutes of testimony. The record showed Markley had been convicted of OWI, third, in 2006 and in 2008. The court found him guilty as charged and imposed sentence.

Markley appealed and asked the supreme court to retain his case to specifically require, "once and for all, that the peace officer inform the defendant of the persons and purposes for which he could call." Markley also asked the supreme court to rule an officer's failure to inform the detainee of "the persons and purposes for which he may call" is not "cured" by permitting calls outside the statute. Finally, Markley asked the court to fashion several new rules regarding the scope of section 804.20. The supreme court transferred the appeal to this court.

## II. Standard of Review

Section 804.20 "applies to the period after arrest but prior to the formal commencement of criminal charges." *State v. Robinson*, 859 N.W.2d 464, 487 (Iowa 2015). We review a district court's interpretation of Iowa Code section 804.20 for errors at law. *Id.* at 467. We affirm the court's ruling on a suppression

motion if it "correctly applied the law and substantial evidence supports the court's fact-finding." *State v. Walker*, 804 N.W.2d 284, 289 (Iowa 2011).

### III. Analysis

On appeal, Markley phrases the issue: "[W]hether this Deputy undertook to perform his mandatory duty to inform [Markley] of both the persons he could call under the statute, and the purposes for which he could make calls under the statute, when he asked to call someone outside the statute." Markley also asserts section 804.20 "requires [officers to] inform the defendant, prior to the exercise of phone calls, and regardless of the denial of phone calls, of the arrestee's right to call a family member or an attorney under the statute."

We turn to the case law discussing the scope of an officer's duty under section 804.20. In *State v. Garrity*, the court held: "*If*, as here, *the officer turns down the arrestee's phone call request* because the request is to call someone not contemplated by the statute, the officer must explain the scope of the statutory right." 765 N.W.2d 592, 597-98 (Iowa 2009) (emphasis added) (stating violations of section 804.20 result in application of the exclusionary rule). One year later, the court stated the statute's "guaranteed right is a limited one" and ruled: "[Section 840.20] *does not require a police officer to affirmatively inform the detainee of his statutory right*; however, the peace officer cannot deny the right exists." *See State v. Hicks*, 791 N.W.2d 89, 94 (Iowa 2010) (emphasis added); *see also State v. Lukins*, 846 N.W.2d 902, 908 (Iowa 2014) (stating "section 804.20 does not require a peace officer to inform the detainee of his or her right to make a telephone call" but "if the detainee suggests calling someone outside the scope of individuals authorized by the statute, the peace officer, who

knows the statutory scope, must clarify to the detainee the scope of individuals to whom a telephone call may be made.").[1]

Despite this case law generally declining to recognize an affirmative duty and thereby foreclosing his appellate arguments, Markley cites *State v. Hellstern*, where the officer declined a detainee's request for privacy during a phone call with his attorney. 856 N.W.2d 355, 364 (Iowa 2014). The court resolved the issue of whether such request "can be reasonably construed as invoking [the detainee's] statutory right to a confidential consultation with his attorney." The court held, although the "specific request" was "beyond the scope of the statutory right," it could be construed "as invoking" the statutory right, "thereby triggering the officer's duty" to inform the detainee "the attorney must come to the jail for a confidential conference." *Id.* However, *Hellstern* is distinguishable because the officer refused a detainee's specific request without providing further explanation.

---

[1] This court consistently has rejected similar claims of an officer's "affirmative duty" to tell a detainee "of the persons and purposes" for calls under section 804.20 in circumstances similar to Markley's circumstances. *See State v. Stephens*, No. 13-1858, 2015 WL 15969, at *1-3 (Iowa Ct. App. Apr. 22, 2015) (declining to suppress evidence where the detainee was advised he could make telephone calls to "anybody" and made calls); *State v. Nemeth*, No. 13-0529, 2014 WL 2884778, at *1-2 (Iowa Ct. App. June 24, 2014) (holding "the officer did not have an affirmative duty to inform a detained person of the people who may be called or the purposes for which a call may be made" where the officer allowed the detainee to "make any telephone calls she wanted to, which she did"); *State v. Rieks*, No. 10-1703, 2011 WL 5868224, at *4 (Iowa Ct. App. Nov. 23, 2011) (noting the officer "never restricted who [the detainee] could call but simply said he could call 'somebody'" and rejecting claim the failure to advise the OWI detainee "who could be called and for what purpose" violated the statute: "Only when an officer turns down a request for a phone call because the request is to call someone outside the scope of section 804.20 must the officer explain the scope of the right"); *State v. Parra*, No. 10-0601, 2011 WL 3480965, at *1 (Iowa Ct. App. Aug. 10, 2011) (holding an OWI detainee "was not denied her rights under section 804.20" when she "was given the opportunity to call 'anyone'"); *State v. Fessler*, No. 10-0667, 2011 WL 1584886, at *1 (Iowa Ct. App. Apr. 27, 2011) (stating *Garrity* held "the officer must explain the scope of the statutory right" when "the officer turned down the arrestee's phone call request" and also stating "neither the statue nor case law support a blanket requirement that an officer advise an arrestee of all persons that may be called or all purposes for which calls may be made").

*See also id.* at 365 (Cady, C.J., concurring specially) (stating section 804.20 is not intended to be used as "a trap for the state"). In contrast to the facts in *Hellstern*, the district court here aptly explained:

> Markley neither requested a call to a person other than a family member or attorney, nor was he denied the opportunity to call a friend. The facts are that [the deputy] told him he could call anyone without regard to who the person was or the purpose of the call. He happened to call a friend and merely informed [the deputy] of that fact.
> There is no indication that [the deputy] denied Markley the opportunity to call whomever he wanted, or that he impeded Markley's statutory or constitutional rights. [The deputy] did all (and likely more than) an officer is required to do in this situation.

The district court's ruling also is supported by *State v. Lyon*, where Lyon had asked the court "to go well beyond our case law" and "*require* law enforcement officers to explain that a *purpose of the call* is to obtain advice regarding whether to submit to a chemical test." 862 N.W.2d 391, 401 (Iowa 2015) (emphasis added). The *Lyon* court stated the legislature's "purpose" was affording "detained suspects the opportunity to communicate with a family member and attorney." *See id.* The court denied relief because the officer had not misstated the law, nor undermined the defendant's section 804.20 rights; in fact, the officer had honored the defendant's right to make phone calls. *See id.* ("We do not believe law enforcement officers must help shape the nature of the communications with attorneys and family members once they have honored the accused's right to communicate with such individuals.").

Similarly, the officer here did not misstate the law and did not undermine, but honored, Markley's right to make phone calls. *See id.* Section 804.20 is to be applied in a pragmatic manner, balancing the rights of Markley and the goals

of the chemical-testing statutes. *See State v. Lamoreux*, 875 N.W.2d 172, 178-79 (Iowa 2016) ("Generally, we have not viewed [section 804.20] as self-enforcing: Something does not have to be automatically *provided* just because the statute says it must be 'permitted.'")*.*

No violation occurred, and we affirm the district court.

**AFFIRMED.**