# IN THE COURT OF APPEALS OF IOWA

No. 15-0938
Filed May 25, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CRAIG AARON HERMANN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

The defendant appeals the district court's denial of his motion to suppress.

**REVERSED AND REMANDED.**

Scott A. Michels of Gourley, Rehkemper & Lindholm, P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

Craig Hermann appeals from the district court's denial of his motion to suppress. Hermann maintains the district court erred in denying his motion because his statutory rights under Iowa Code section 804.20 (2013) were violated when an officer denied his request for an in-person consultation.

**I. Background Facts and Proceedings**

In the early morning hours of October 4, 2014, police officers stopped Hermann for driving his vehicle without the headlights on. Once the officers made contact with him, the officers believed Hermann was impaired because of his bloodshot, watery eyes and the smell of alcohol on his breath. At approximately 1:04 a.m., Hermann was arrested and transported to the local jail for processing.

At 1:36 a.m., the arresting officer read Hermann the implied consent advisory and requested a breath sample from Hermann for testing. Hermann invoked his right to make a phone call. He was then allowed to sit in a private room with his cell phone and a phonebook for approximately twenty minutes. At approximately 2:07 a.m., the officer interrupted Hermann and advised him his time to make phone calls had ended and he needed to make a decision regarding the breath test. Hermann told the officer he had someone coming down to the station to meet with him.[1] The officer responded there was not time to wait for someone to arrive. He did not advise Herman he had the right to meet with a family member or an attorney in person. At the suppression hearing, the

---

[1] It is unclear from the record when it occurred, but at some point, Hermann also indicated to the officer that he was able to speak to an attorney on the phone during the twenty minutes.

officer testified he did not allow Hermann to wait because "it was a Friday night and we had several calls waiting."

Hermann consented to provide the breath sample for the test. The test was conducted at 2:23 a.m., and the result showed Hermann had a blood alcohol content of .184.

Subsequently, Hermann asked for an independent test, and he was turned over to his attorney at the hospital where the independent test was administered.

Hermann filed a motion to suppress the evidence of the breath test result. Following a hearing on the matter, the district court denied the motion. The court ruled:

> The question asked of the Court is whether the Officer had the obligation under 804.20 to inquire if an attorney was actually coming to the jail and determine whether or not the attorney could get there in time for the test sample to be secured before the 2 hour time. But the statute does not give Defendant the right to consult with an attorney before deciding to take a breath test. It requires an Officer to allow the consultation "without unnecessary delay." Here, the attorney did not arrive or make his/her presence known at all. The delay was controlled by the arriving attorney. If an attorney arrived at some point, and requested to see the Defendant and the officer delayed that to complete the test, then a violation may have occurred.

After the district court denied his motion, Hermann agreed to a trial on the minutes, and he was convicted of operating while intoxicated, first offense.

Hermann appeals.

**II. Standard of Review**

We review the district court's interpretation of Iowa Code section 804.20 for correction of errors at law. *State v. Lamoreux*, 875 N.W.2d 172, 176 (Iowa

2016). We affirm the district court's suppression ruling when the court correctly applied the law and substantial evidence supports the court's fact-finding. *Id.*

**III. Discussion**

Hermann maintains his statutory right to have an in-person consultation was violated and, as a result, the evidence of his breath test result should have been suppressed.

The pertinent language of section 804.20 states:

> Any peace officer or other person having custody of any person arrested or restrained of the person's liberty for any reason whatever, shall permit that person, without unnecessary delay after arrival at the place of detention, to call, consult, and see a member of the person's family or an attorney of the person's choice, or both. Such person shall be permitted to make a reasonable number of telephone calls as may be required to secure an attorney. . . . An attorney shall be permitted to see and consult confidentially with such person alone and in private at the jail or other place of custody without unreasonable delay. A violation of this section shall constitute a simple misdemeanor.

We believe Hermann's statement to the officer that "someone" was coming to the station to see him was an invocation of his right to see a family member or attorney, as provided by the statute. *See State v. Hicks*, 791 N.W.2d 89, 95 (Iowa 2010) (ruling where the detainee indicated to officers that he wanted to call his mom or girlfriend that invoked the detainee's right under section 804.20, and stating we should "liberally construe a suspect's invocation" and the invocation "should not turn on the grammatical clarity of the detainee's request"). The district court found that it was not clear whether it was an attorney who was coming to meet Hermann. First, we note that section 804.20 does not limit a detainee's right to an in-person consultation with an attorney; Hermann also had the right to meet with a family member. *See* Iowa Code § 804.20. Additionally,

the officer could not deny Hermann the right to in-person consultation because the "someone" on the way may not have been a family member or attorney. *See State v Garrity*, 765 N.W.2d 592, 597 (Iowa 2009) (holding that an officer may not turn down an arrestee's phone call request because the request is to call someone not contemplated in the statute; rather the officer must explain the scope of the statutory right); *see also State v. Lukins*, 846 N.W.2d 902, 908 (Iowa 2014) ("[I]f the detainee suggests calling someone outside the scope of individuals authorized by the statute, the peace officer, who knows the statutory scope, must clarify to the detainee the scope of individuals to whom a telephone call may be made under Iowa Code section 804.20.").[2]

We are not implying Hermann had an absolute right to delay making a decision about the test until an attorney or family member arrived. *See Short v. Iowa Dep't of Transp.*, 447 N.W.2d 576, 578 (Iowa 1989) ("The right to counsel is limited to situations which will not materially interfere with the taking of a test within the time specified in the implied consent statute (321J)."). However, there

---

[2] When a detainee is attempting to invoke a section 804.20 right and simply misunderstands the parameters of the right, the officer must clarify the scope rather than denying the invocation. *See Garrity*, 765 N.W.2d at 597 ("Explaining the scope off this statutory right will not interfere with the chemical tests. People may be aware they have the right to make a phone call, but are likely unaware of the specified people they are allowed to call. . . . [T]he officer must explain the scope of the statutory right."). On the flip side, when an officer honors the detainee's invocation of a section 804.20 right, the officer does not have an obligation to inform the detainee of the preferred reasons for making a call or whom to call. *See State v. Lyon*, 862 N.W.2d 391, 401 (Iowa 2015) ("We do not believe law enforcement officers must help shape the nature of the communication with attorneys and family members once they have honored the accused's right to communicate with such individuals."); *see also State v. Markley*, No. 15-0165, 2016 WL 1680081, at *1–3 (Iowa Ct. App. Apr. 27, 2016) (holding where the defendant—who had been allowed to make phone calls for any purpose he desired— argued his section 804.20 rights were violated because the officer "did not inform him who he could call or for what purposes to make those calls," no violation occurred because "the officer . . . did not misstate the law and did not undermine, but honored, [the defendant's] right to make phone calls").

was still approximately one hour left before the end of the two-hour period for chemical testing when Hermann told the officer someone was on their way and the officer responded "there was no time to wait" and Hermann needed to decide. The officer testified that he did not allow Herman to wait because "it was a Friday night and we had several calls waiting." The district court was persuaded by this testimony, noting in its ruling, "Davenport was busy that night. Several calls for services were holding and the Officer needed to get back to his patrol duties as soon as he could." Notwithstanding, as our supreme court has found:

> By providing detainees this statutory right, the legislature has deemed that a detainee's right to communicate with family or counsel to be a tolerable burden upon law enforcement and suitably balances the state's law enforcement needs with the right of the accused. Our construction concerning the invocation of section 804.20 upholds this balance.

*Hicks*, 791 N.W.2d at 95.

We have been instructed that section 804.20 "is to be applied in a pragmatic manner, balancing the rights of the arrestee and the goals of the chemical-testing statutes." *Lamoreux*, 875 N.W.2d at 177. However, we have not been tasked with balancing the rights of the arrestee and the need for the officer to return to the streets.[3] As the district court noted at the suppression hearing, any time an officer is waiting for a detainee to decide whether to submit to testing, the officer is not out responding to calls. This fact does not erode the limited statutory right to an attorney consultation provided in section 804.20.

---

[3] We acknowledge that in *Welch v. Iowa Department of Transportation*, 801 N.W.2d 590, 601 (Iowa 2011), our supreme court reaffirmed Iowa's "one refusal" rule and listed one of the advantages as the "reduc[tion of] the time and cost burdens on law enforcement."

Here, Hermann invoked his right to an in-person consultation with approximately one-hour left of the two-hour testing window. Because the officer's response was to demand Hermann make an immediate decision regarding testing rather than clarifying who was coming to meet with Hermann or when the person might arrive, and the chemical test was completed approximately thirty-nine minutes before the two-hour window terminated, Hermann's statutory rights were violated. As such, we suppress the results of the breath test and the independent test, and we remand for further proceedings consistent with this decision.[4]  *See Hicks*, 791 N.W.2d at 98 ("The remedy for a violation of section 804.20 is exclusion of any evidence gathered after invocation of the right.").

**REVERSED AND REMANDED.**

---

[4] Hermann also raises other alleged violations of section 804.20 that we need not consider.